UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADRIAN T. HIPP,

        Petitioner,

    v.                                                                  Case No. 08-C-06

DEIRDRE A. MORGAN,

        Respondent.

**ORDER**

On January 2, 2008, Adrian T. Hipp filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of fraudulent use of a transaction card and theft and was sentenced to fourteen years imprisonment. He is currently incarcerated at Oakhill Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Review of the petition reveals that it appears to be untimely. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Hipp does not appear to be seeking habeas relief on the basis of any newly recognized constitutional right or newly discovered facts, or contend that the state impeded him from filing his habeas petition sooner. Accordingly, the relevant starting date for statute of limitations purposes is the date on which his conviction became "final," as described in § 2244(d)(1)(A). Hipp's conviction became final September 2, 2004, 30 days after the Wisconsin Court of Appeals dismissed his direct appeal. Under Wisconsin law, Hipp had 30 days in which to file a petition for review with the state supreme court.[1] It appears he did not file such a petition; therefore, his time for seeking direct review expired on the date his petition was due. Hipp had one year from that date, until September 2, 2005, within which to file a federal habeas petition challenging his conviction. He did not file his petition until January 2, 2008, well after this deadline expired. According to the

---

[1] Wis. Stat. § 808.10 provides: "A decision of the court of appeals is reviewable by the supreme court only upon a petition for review granted by the supreme court. The petition for review shall be filed in the supreme court within 30 days of the date of the decision of the court of appeals."

2

Hipp, he filed his petition for writ of habeas corpus in state court on September 25, 2006. Because his federal statute of limitations had already expired by that time, tolling under § 2244(d)(2) is not available. *See Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000).

Before dismissing a habeas application for untimeliness, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

**THEREFORE, IT IS ORDERED** that within 21 days of the date of this order petitioner shall show cause, if any, why his application for federal habeas relief is not time-barred. If petitioner fails to respond within 21 days, his petition will be dismissed with prejudice.

Dated this   14th   day of January, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge