UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADRIAN T. HIPP,

        Petitioner,

v.                                Case No. 08-C-06

DEIRDRE A. MORGAN,

        Respondent.

**ORDER**

On January 2, 2008, Adrian T. Hipp filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Hipp asserts in his petition that his appellate counsel provided ineffective assistance by failing to file a timely notice of appeal, and that the Wisconsin Court of Appeals lacked subject matter jurisdiction over his direct appeal because of counsel's deficient performance in that respect.

Upon its initial screening of the petition, the Court noted that it appeared Hipp's petition was not timely. An application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Hipp was convicted in the Circuit Court for Milwaukee County, and judgment was entered on June 25, 2002, followed by an amended judgment on January 9, 2003. State of Wisconsin ex rel. Hipp v. Wallace, No. 2006AP2319-W, slip op. at 1-2 (Wis. App. Feb. 12, 2007) (Exhibit 1 to Pet.). His attorney filed a timely notice of appeal on April 2, 2003, but Hipp thereafter requested that his attorney be discharged. Despite the fact Hipp was advised that if he discharged his attorney, he would be required to proceed pro se, and warnings as to the dangers and disadvantages of proceeding pro se, Hipp persisted in his request and his attorney was discharged. When after several extensions of time Hipp failed to retain new counsel or file his appellant's brief, the Court of Appeals dismissed his appeal of August 3, 2004. Hipp's conviction therefore became final 30 days later on September 2, 2004, the date on which the time for seeking direct review expired. *See* Wis. Stat. § 808.10. Since more than two years elapsed before Hipp filed his state petition for habeas corpus in the Wisconsin Court of Appeals, it appeared that Hipp's petition for relief under 28 U.S.C. § 2254 was untimely. The Court therefore entered an order on January 15, 2008, directing Hipp to show cause within 21 days why his habeas petition was not time-barred under 28 U.S.C. § 2244(d)(1).

Hipp has now filed his response, claiming that his petition is timely under 28 U.S.C. § 2244(d)(1)(D) because it was filed within one year of the date on which the factual predicates of his claim could have been discovered through the exercise of due diligence. More specifically, Hipp claims that in spite of his diligence, he first discovered the factual underpinning of his present claims on May 17, 2006. Therefore, he argues, the limitation period began to run on that date, was tolled under 28 U.S.C. § 2244(d)(2) from September 25, 2006 through June 12, 2007 while his

2

applications for state post-conviction relief were pending in the state courts, and had not yet expired when he filed his petition for federal relief.

Hipp's argument is unconvincing. He claims in his petition that he is entitled to relief because his attorney was ineffective in failing to file a timely notice of appeal from the original judgment of conviction entered on June 25, 2002. He acknowledges that his attorney did file a timely notice of intent to seek post-conviction relief which, under Wisconsin law, preserves a defendant's right to appeal until 60 days after transcripts are furnished. Wis. Stat. § 809.30(2)(b) and (h). Hipp notes that transcripts of the trial court proceedings were furnished to his attorney on December 5, 2002, which meant the deadline for his notice of appeal was February 3, 2003. But instead of filing the notice on or before that date, or seeking an extension of time to file, Hipp states that his attorney waited until the trial court issued a memorandum decision on an issue of restitution that had been held open and entered an amended judgment of conviction, which finally occurred on January 9, 2003. His attorney filed a second notice of intent to seek post-conviction relief as to the amended judgment, and then filed a timely notice of appeal within sixty days of receiving the final transcript in the case. Hipp v. Wallace, Slip Op. at 2. Hipp claims that because the notice his attorney filed was timely only as to the amended judgment of conviction that addressed the issue of restitution, it did not preserve his right to appellate review of the underlying conviction and sentence. His attorney's failure to file a timely notice of appeal, he claims, constitutes ineffective assistance of counsel in violation of his Sixth Amendment rights.

Of course, it should be noted that Hipp's direct appeal was dismissed not because the notice of appeal was untimely, but because he discharged his attorney and failed to file his appellant's brief even after several extensions of time to do so. And when Hipp later sought state habeas relief in

3

the Wisconsin Court of Appeals on this ground, the court held that the notice of appeal filed by his attorney was timely because it brought before the it "all non-final orders and judgments entered prior to the circuit court's entry of the amended judgment on January 9, 2003." Slip op. at 2-3 (citing Wis. Stat. § 809.10(4)). It therefore concluded his claim was without merit. Hipp claims that the Court of Appeals' holding is in error because the original judgment of conviction was final, and since the notice of appeal was not timely as to that judgment, the Court of Appeals lacked jurisdiction to review his conviction. But in any event, it is clear from this record that Hipp suffered no prejudice from his attorney's alleged error. Because his appeal was dismissed as a result of his own default, his attorney's failure to file a timely notice of appeal had no effect.

On the other hand, assuming Hipp failed to file his appellant's brief and acquiesced in the dismissal of his direct appeal because he knew that his attorney had failed to file a timely notice of appeal, his failure to seek relief on that basis for more than two years resulted in the expiration of the time limitation on seeking federal relief under § 2254. The judgment of conviction having become final as of September 2, 2004, the one-year limitation expired on September 2, 2005. While it is true that the time limit is tolled during the time a properly filed application for state post-conviction relief is pending, 28 U.S.C. § 2244(d)(2), Hipp did not file his state action for habeas corpus until after the one-year limitation period had expired. (Resp. ¶ 8.) The late filing of an application for relief in state court does not resurrect the right to seek federal relief after the time limit has expired. *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n. 4 (11th Cir.2001) ("[A] properly ... filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll).

4

It thus follows that Hipp's petition should be summarily dismissed. It is clear from the face of the petition and the attachments either that his claim of ineffective assistance fails because he suffered no prejudice, or alternatively, the petition is not timely. In either event, the petition should be and hereby is denied and his action dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   7th   day of February, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
